OPINION
Appellants Jason and Sharon Smith purchased a home from Brian and Deanna Novelli on January 16, 1999. Prior to the purchase, the Novellis had purchased a termite service plan from appellee, The Terminix International Co., L.P. The termite service plan purchased by the Novellis contains the following arbitration provision: The purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this Agreement shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. The decision of the arbitrator shall be a final and binding resolution of the disagreement which may be entered as a judgment by any court of competent jurisdiction. Neither party shall sue the other where the basis of the suit is this agreement other than for enforcement of the arbitrator's decision. In no event shall either party be liable for indirect, special or consequential damages or loss of anticipated profits.
As part of the sale transaction, appellee inspected the home for wood boring insects pursuant to the termite service plan between itself and the Novellis. Appellants agreed to have Terminix perform the inspection. Terminix reported that the termites were inactive, and no treatment was necessary at that time. Appellants proceeded with the purchase of the home, and the termite service plan was assigned to them subsequent to the purchase. Appellants moved into the house on March 19, 1999. On April 3, 1999, appellants awoke to find live, swarming termites throughout the home, on their bodies, and in their hair. After encountering the termite problem, appellants contacted appellee. Appellants filed the instant action against the Novellis; appellee; Realty One and Frank Walker, the listing broker and agent; and DeHoff Agency, Inc., and Sandra Peer, the buyer's broker and agent. On January 27, 2000, appellee filed a motion to stay and compel arbitration. The court found that based upon contract principles of assignment and third-party beneficiary, the arbitration clause was enforceable against appellant. The court accordingly granted a motion to stay and compel arbitration. Appellants assign a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRONEOUSLY ENFORCED AN ARBITRATION CLAUSE AGAINST HOME PURCHASERS (1) WHO NEVER SIGNED THE UNDERLYING TERMITE SERVICE PLAN BETWEEN THE HOME SELLER AND THE TERMITE TREATMENT COMPANY; AND (2) WHO HAD NO ENFORCEABLE INTEREST IN THE UNDERLYING TERMITE SERVICE PLAN UNTIL AFTER THE TERMITE TREATMENT COMPANY'S MALFEASANCE OCCURRED.
We first address the issue, raised by appellants, as to whether the instant order was a final, appealable order. Appellant raises the possibility that because Judge Reinbold signed the Magistrate's order without allowing time to hear objections, and without stating that he had reviewed and adopted the Magistrate's decision, the order may not be a final appealable order. Although a hearing was held before a magistrate, the facts are essentially undisputed. Therefore, the decision in this case is based solely upon the application of the law to the facts of this case. Accordingly, we find the judgment, signed by both the judge and magistrate, to be a final appealable order. A third-party beneficiary is one for whose benefit a promise is made in a contract, but who is not a party to the contract. Saum v. Moenter (1995), 101 Ohio App.3d 48, 52. A party must intend that a third party benefit from a contract; otherwise, the party is simply an incidental beneficiary. Id. In the instant case, appellants did not become a third-party beneficiary of the contract until the time of the inspection pursuant to the sale of the house, at which time the parties specifically intended that appellants benefit from the termite service plan. Appellants argue that because their claims for fraud and negligence are based on appellee's actions before they became third-party beneficiaries to the contract, the contract should not be enforced against them. However, in limited circumstances, one who is not a signatory or direct party to a contract, but whose position or conduct related to that contract is such that one may be deemed to be bound by the terms thereof, may be compelled to arbitrate a dispute arising out of or relating to the contract. Dunn Construction Company, Inc. v. Sugarbeach Condominium Association, Inc. (1991), 760 F. Supp. 1479,1482. Even if a party is not a third-party beneficiary, that party may be required to arbitrate pursuant to the terms of the contract where the claims are inextricably tied to the underlying contractual obligations, and to the general relationship of the parties to the dispute. Id. at 1484. In the instant case, although appellants may not have been third-party beneficiaries at the time the alleged acts of fraud and negligence occurred, their claims are inextricably tied to appellee's performance under the contract. Further, while appellants may not have been third-party beneficiaries at the moment when the Novellis entered the contract with appellee, the contract is not in the nature of personal service contract for the Novellis. Rather, the nature of extermination services is such that the beneficiary is whoever resides in the home. Appellants also argue that it is unconscionable to enforce the arbitration clause against them, as they never signed the underlying agreement. While appellants cited cases in which arbitration clauses similar to the one in the instant case were found to be unconscionable, appellants did not identify any facts or circumstances that made this particular clause unconscionable as applied to them. Appellants merely referred generally to the gross inequality in bargaining power between the parties. However, standing alone, inequality in bargaining power is insufficient to demonstrate that a contract provision is unconscionable. Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826. Further, a third party cannot utilize the benefits of a contract without also being bound by the burdens. Saum, supra, at 52. The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur